United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40047
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO DE LEON-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-570
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Pablo De Leon-Gonzalez appeals his guilty-plea conviction
and 78-month sentence for illegally reentering the United States
after having been deported subsequent to an aggravated felony
conviction.  De Leon-Gonzalez challenges the constitutionality of
8 U.S.C. § 1326(b).  De Leon-Gonzalez's constitutional challenge
is foreclosed by Almendarez-Torres v. United States, 523 U.S.
224, 235 (1998).  Although De Leon-Gonzalez contends that
Almendarez-Torres was incorrectly decided and that a majority of
the Supreme Court would overrule Almendarez-Torres in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  De Leon-Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

De Leon-Gonzalez argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of his supervised release.  Such a claim is not ripe for review on direct appeal.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Accordingly, this claim is dismissed.  See id. at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.